# Marks, Appellant, *v.* Fidelity Mut. Life Ins. Co.

*Insurance—Life insurance—Premium—Sunday.*

Where by the terms of a life insurance policy, which became effective on February 13, 1900, an annual premium is payable on the delivery thereof, and thereafter upon February 13th "in every year during the continuance of the contract," and the insured dies on Sunday morning, February 13, 1916, about six o'clock in the morning, an annual premium becomes due on that day, and such premium may be retained by the insurance company out of principal due on the policy.

In such a case the policy did not expire at the end of the year; and especially is this so where it appears that the policy provided that if the premium was not paid, the policy should be "extended and remain in force thirty days from due date."

In an action against the company to recover back the premium retained, the company cannot set up any question as to forfeiture, where it had practically conceded that the contract was in force at the moment of the death of the insured, subject only to its right to receive one additional premium claimed to have been earned and due on the first moment of the day of February 13, 1916.

Argued Oct. 9, 1917. Appeal, No. 198, Oct. T., 1917, by plaintiffs, from order of C. P. No. 5, Philadelphia Co., March T., 1916, No. 3724, discharging rule for judgment for want of a sufficient affidavit of defense in case of Albert S. Marks and Alfred Kohn, Executors of the Estate of Arnold Kohn, deceased, v. Fidelity Mut. Life Ins. Co. of Philadelphia. Before ORLADY, P. J., HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit to recover the amount of a premium on a policy of life insurance alleged to have been wrongfully retained.   Before MARTIN, P. J.

An affidavit of defense was filed admitting the allegations contained in the statement of claim, but denying the indebtedness, and claiming that the premium was earned on February 13, 1916, immediately after midnight of February 12th.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*Jerome J. Rothschild,* of *Fox & Rothschild,* for appellants.—It is inconsistent with the theory of life insurance that the same day could be regarded as the day upon which the beneficial sum became due from the insuring company, and yet concurrently as the day upon which the insured became liable to pay a premium.   The time for the payment of an insurance premium where the policy fixes the day but not the hour of payment is governed by the ordinary rule that the payment is neither due nor payable until the last business hour of the day : Savory v. Goe, 21 Fed. Cases No. 12388; Thompson v. Connecticut Mut. Life Ins. Co., 4 Pa. Dist. Rep. 382.

A life insurance policy is not merely a contract from year to year based upon premiums assignable to definite yearly terms, but is a continuous contract terminable by death in consideration of payments made upon certain specified dates annually or otherwise as the policy may provide: Mut. Life Ins. Co. v. Statham, 93 U. S. 24; Titlow v. Reliance Life Ins. Co., 246 Pa. 503.

The appellants contend that under the law of Pennsylvania as interpreted by the cases, Sunday is a dies non and that no debt can become either due or payable on that day : Edmundson v. Wragg, 104 Pa. 500; Street v. U. S., 133 U. S. 299; Hughes v. Snyder, 2 W. N. C. 65; Greggs v. Krebs, 19 Pa. C. C. R. 73.

*Ira J. Williams,* of *Simpson, Brown & Williams,* with him *Yale L. Schekter,* for appellee.—The contract for an insurance is really a contract for one year in consideration of an advance premium, with the right of the assured to continue it from year to year upon payment of the premium as stipulated: Mutual Life Ins. Co. v. Girard Life Ins. Co., 100 Pa. 172.

One annual premium is intended as the consideration for carrying the risk for one year only, not a year and a day.

The policy year in the case at bar began on February 13th and expired on midnight of the February 12th following: Kelly v. Independent Co., 122 Pac. Rep. 735; Haines v. Elfman, 235 Pa. 341; Adams v. Dunn, 64 Pa. Superior Ct. 303.

The authorities distinguish between (a) the date when the premium is due and (b) the time when it is payable to prevent forfeiture: U. S. v. State Bank of N. C., 31 U. S. 28; Tulweiler v. Hughes, 17 Pa. 440.

This court and the Supreme Court have time and again said that the Act of 1883 is merely "declaratory of the law as it existed prior to its passage": Lutz's App., 124 Pa. 273; Cascade Twp. v. Lewis Twp., 11 Pa. C. C. R. 282; Haines v. Elfman, 235 Pa. 341; Adams v. Dunn, 64 Pa. Superior Ct. 303.

OPINION BY HEAD, J., March 2, 1918:

The question presented by this appeal is single and purely one of law. In disposing of it we are not embarrassed by the presence of any equitable or other collateral considerations. Its correct solution must depend on the application of well-established and recognized principles of law to the terms of the written contract between the parties. To ascertain how far, if at all, our conclusion should be affected by the somewhat unusual situation arising from the admitted facts, let us state them briefly.

The plaintiffs' testator purchased a life insurance policy from the defendant company. It became effective on the 13th day of February, 1900. The premium, to be paid annually in advance, was paid on the day named when the policy was delivered and the contract thus became operative. Thereafter the annual premiums were regularly paid until on Sunday morning, February 13, 1916, about six o'clock, the insured died. On the following day, at an interview between the plaintiffs and a representative of defendant, the latter conceded the policy was in force and would be paid after due proofs of death, etc., but the company claimed a year's premium had been earned and would be deducted from the face of the policy insurance unless paid by the executors. To avoid complications and promptly secure the insurance money the premium was paid "without prejudice to the right of the estate to recover it if it were not legally due." The amount of the policy was then paid, but the executors, not being satisfied the payment they had made was legally due, brought this action to recover the amount of it. The defendant answered the statement of claim by an affidavit averring that under the terms of the policy and the existing facts it had earned one more annual premium than had been paid and had the legal right to retain that sum from the payment of the money due under its contract of indemnity. The plaintiffs therefore could not recover what they had paid in discharge of their testator's obligation under the contract. A rule for judgment for want of a sufficient affidavit was entered and afterwards discharged. The plaintiffs then appealed:

We may best indicate the precise question involved by first eliminating some others with which we have no concern. As we view it, we have nothing to do with any contention depending on the forfeiture or lapse of the contract of indemnity. From the beginning of this controversy the defendant has practically, if not formally, conceded the contract of insurance was in force at the mo-

ment of the death of the insured, subject only to its right to receive one additional premium which it was claimed was earned and became due on the first moment of the day of February 13th. With this state of facts conceded, it appears to us the case at bar is at once to be distinguished from Mutual Life Insurance Co. v. Girard Life Insurance Co., 100 Pa. 172, as well as Titlow v. Reliance Life Insurance Co., 246 Pa. 503.

We do not adopt the idea, ably urged by counsel for appellee, the contract as made was by its own terms to expire at the end of what is called by him "the policy year." The primary undertaking of the defendant was to pay the face of the policy to the parties entitled upon and after the death of the insured. The consideration for this undertaking was the payment in advance of an annual premium not only on the day the policy became effective but on each recurring 13th day of February "during the continuance of this contract." The policy contract contained this further clause, to wit, "If any premium be not paid, this policy......shall be extended and remain in force thirty days from due date." Apart then from the forceful reasoning of Mr. Justice STEWART in Titlow v. Insurance Company, supra, we could not hold the plaintiffs' testator was without insurance at the moment of his death.

But this conclusion does not carry with it the corollary that he had paid all he owed on account of his contract of insurance. If he owed anything, then this provision of his contract became operative, namely, "from any sum payable hereunder there shall be deducted the unpaid portion of the year's premium, if any, and any indebtedness of the insured or beneficiary to the company on account of this contract or otherwise." Now the fact that in the particular year in question the 13th day of February happened to be Sunday cannot be of importance. It does not matter whether or not the premium was payable on that day. The statute declares a good payment could have been made on Monday. But

was the premium due in the sense it was "owing" without regard to the time when payment could be enforced? This is our precise question.

Whilst the obligation of the defendant was indefinite as to duration, the covenant of the insured to pay was plainly fixed and definite. He was to pay an annual payment in advance. It must necessarily follow the purchasing power of each annual payment would be exhausted with the expiration of the year for which it was made. With the advent of each new year a new annual premium would become due and owing. On February 13, 1900, the day the policy was delivered and the first premium was paid, the contract was in effect. Had the deceased died later on that day, the obligation of the company to pay would have become absolute. But it would do violence to the plain meaning of the terms used to say that an annual premium, payable in advance, which purchased insurance on and during the 13th day of February, 1900, could be carried over into the new year which began on the same day of 1901. This conclusion is in accord with the principle that has been so frequently applied in cases of leases of lands or tenements. Haines v. Elfman, 235 Pa. 341; Adams v. Dunn, 64 Pa. Superior Ct. 303. If the estate demised ended at midnight of the day in the next year preceding the day on which it begun, it must follow the annual rent reserved in advance had been spent and its purchasing power exhausted at the same moment. Then a new year came on the stage and in the case at bar the obligation of the insured to pay another premium arose. We are of opinion the learned court below was right in discharging the rule for judgment.

The appeal is dismissed at the costs of appellants without prejudice, etc.