## SCHWENGER-KLEIN, INC., Plaintiff-Appellant, v PACIFIC MUTUAL LIFE INS. CO., Defendant-Appellee.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20925.   Decided May 24, 1948.

Miller, Daus & Schwenger, Cleveland, for plaintiff-appellant.

McKeehan, Merrick, Arter & Stewart, Cleveland, for defendant-appellee.

## OPINION

By SKEEL, J.

This appeal comes to this court on questions of law from a judgment entered for defendant in the Municipal Court of Cleveland.

The plaintiff appellant is the beneficiary under a policy of life insurance issued by the defendant appellee on the life of one Arthur Malling. The policy was issued January 3, 1921. The annual premium for the life insurance provided for in said policy was $287.00 per annum, the policy providing:

"In consideration of the application for this policy, a copy of which is attached hereto and made part hereof, and the payment in advance of the annual premium of two hundred eighty-nine and 50/100 Dollars and the payment of a like premium on the third day of January in each year during the continuance of this policy until the death of the insured; (the difference in premium above to be noted is occasioned by the fact that the policy provided for disability benefits up and until the assured reached sixty years of age) promises to pay * * *, on receipt of said home office of due proof of the death of Arthur Malling, herein called the insured, Ten Thousand Dollars, less any indebtedness hereon to the Company and any unpaid portion of the premium for the then current policy year to The Schwenger-Klein Company, a corporation, its successors or assigns beneficiary * * *."

The insured died at 10 o'clock A. M. on January 3, 1947. The premium had been paid for the policy year beginning January 3, 1946. The defendant, appellee, upon notice of the death of the assured paid the face value of the policy, less the premium for the policy year beginning January 3, 1947. Such payment was received by the appellant without prejudice to its rights to litigate the question here presented;—whether or not the defendant, under the above facts, which are not in dispute, had the right to deduct the premium for the policy year beginning January 3, 1947, from the proceeds of the policy?

It is the contention of the appellant that "where a premium is to be paid on a day certain, but no particular hour is specified, the policy remains in force during the whole of the day and until midnight thereof without payment of an additional premium. The protection period purchased by the payment of the previous premium does not expire until midnight of

the premium date. If the insured dies on such premium date, the company is liable for the face amount of the policy without right of deducting an extra year's premium."

The following authorities are cited in support of such claim:

Douglas v Mutual Life Assurance Company 13 Alt. L. R. 18; 38 Don. L. R. 459; Greulich v Morrison, 142 Oh St 113; Bousour v Craftsman Co. (Mass.) 13 N. E. (2d) 619.

There can be no doubt that by virtue of the contract of insurance calling for the annual payment of premiums that upon the expiration of a year for which the premium has been paid the policy is not in default on the first day of the succeeding year. But this is not because the premiums paid for the previous year's insurance extends beyond the year for which it was paid. An annual premium payment is the consideration of one year's coverage for 365 days, not 366 days. The reason that on the anniversary day upon which the premium becomes payable the insured is not in default is because the insured has all of that day in which to pay if he desires to continue the contract of insurance.

In 39 O. Jur 196, parag. 10, under the heading, "Computation of Time" the rule is stated as follows:

"The term 'day' in law embraces the entire day, and refers to a day as a unit of time, not as an aggregation of a certain number of hours, minutes or seconds. In this sense, and for the purpose thus used, a day is not capable of subdivision into hours, minutes or seconds, but is to be taken as a whole. In such computations the hours are not counted to ascertain whether a period of twenty-four hours or a given number of such periods have elapsed between the act to be done and the day from which the time is to begin running. The fractions of the days are no more taken into consideration than are the fractions of the seconds. The consequence is that every day and every part of that day is, by this rule, one day before every part of the succeeding day. The last moment of any day is, in contemplation of law in such cases, one day before the first moment of the next day, although the elapsed time is infinitesimal. The rule is strictly one of convenience. Any other method of computation would require an accurate account to be kept of the exact hour, minute and second of the occurrence of the act to be timed, would produce endless confusion and strife and would prove impolitic, if not wholly impracticable."

The policy provision as quoted above, as to what shall be deducted from the face value of the policy, when, under the terms of the contract the insurance becomes payable, provides that in addition to other debts due the insurer, from the insured, there shall be deducted **"any unpaid portion of the premium for the then current policy year."** The current policy year at the time of the death of the insured on January 3, 1947 was the term of one year beginning January 3, 1947.

The plaintiff appellee contends that because the policy would not be in default (not giving consideration to the thirty day grace period) until after the entire day of January 3, 1947, had passed, that therefore the current policy year does not begin until after such day had fully passed, cannot be supported. The beginning of the "current policy year" and the time when, because of the non-payment of premuims, the policy is in default are not the same. Because there can only be one January 3, in any one year, and because the policy provides that the obligation of the insurer begins January 3, 1921, and for each subsequent year for which the premium is paid the "current policy year" of each succeeding year begins on January 3.

For the foregoing reasons the judgment of the Municipal Court of Cleveland is affirmed. Exceptions. Order See Journal.

MORGAN, J, concurs.
HURD, PJ, dissents.