MAE E. CALLAHAN *vs.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY.

Suffolk.   May 4, 1954. — July 2, 1954.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Insurance,* Life insurance: premium. *Time.*

Under a life insurance policy issued on January 21, 1947, with an annual premium payable "on or before the twenty-first day of January in each succeeding year," a new policy year commenced on January 21, 1953, and a premium became due at the first moment of that day, and, in the payment made to the beneficiary by reason of the death of the insured on that day, the premium so due was properly deducted from the amount of the policy under a provision for payment of its amount on the death of the insured "less any unpaid balance of premium for the uncompleted policy year."

CONTRACT.   Writ in the Municipal Court of the City of Boston dated June 11, 1953.

Upon removal to the Superior Court, the action was reported by *Collins,* J., without decision on a case stated.

*Frederick G. Fisher, Jr.,* for the plaintiff.

*William A. Ryan,* for the defendant.

LUMMUS, J.   By the case stated signed by counsel the following facts appear.  On January 21, 1947, on the application of Charles H. Callahan, hereinafter called the insured, the defendant issued a policy of insurance in the amount of $10,000 on his life, payable to the plaintiff as beneficiary. The policy declared that it was issued in consideration of the payment of the annual premium of $477.20 and of a like premium "on or before the twenty-first day of January in each succeeding year."  The amount of the policy, on the death of the insured, was to be paid "less any unpaid balance of premium for the uncompleted policy year."  The annual premiums were paid up to and including the premium payable January 21, 1952.

The insured died on January 21, 1953, at what hour does not appear.  The defendant deducted from the amount of the policy the premium of $477.20 payable "on or before the twenty-first day of January," 1953, and paid the balance to the plaintiff.  She brought this action of contract to recover the amount so deducted.  The case was reported to this court without decision.  G. L. (Ter. Ed.) c. 231, § 111. *Scaccia* v. *Boston Elevated Railway*, 317 Mass. 245, 248–249.

The policy was in force on the day when it was issued, January 21, 1947, and if the insured had died on that very day the defendant would have been liable to pay the amount of the policy.  *American National Bank* v. *Service Life Ins. Co.* 120 Fed. (2d) 579, 583, 137 A. L. R. 1148, 1154.  Therefore a new policy year commenced on the following January 21, and a new policy year commenced on January 21, 1953.  See *Hammond* v. *American Mutual Life Ins. Co.* 10 Gray, 306.  It is true that the insured would not have been in default if he had paid the premium late in the day on January 21, 1953, but it is equally true that the premium was owed on the first moment of that day.  The law takes no account of fractions of a day, upon a question like this. *Bigelow* v. *Willson*, 1 Pick. 485, 494.  *Clark* v. *Flagg*, 11 Cush. 539.  *Stevenson* v. *Donnelly*, 221 Mass. 161. *Loza* v. *Osmola*, 279 Mass. 220, 222.  *Second National Bank* v. *Leary*, 284 Mass. 321, 325.  In *Lawrence* v. *Commissioners*

*of Public Works,* 318 Mass. 520, one commissioner had resigned "to take effect not later than December 15" and the Governor had accepted his resignation "as of December 15." That commissioner on that day cast the deciding vote in the granting of a license. This court held the license invalid. The rule against splitting a day was held to require that "a thing done at any time in a day is taken the same as though it had been done in the first minute of the day" (page 525). We conclude that in the present case the premium became due on the first moment of January 21, 1953.

The precise question in this case appears to have been determined in favor of the defendant in cases in other jurisdictions. *Schwenger-Klein, Inc.* v. *Pacific Mutual Life Ins. Co.* 83 Ohio App. 126. *Marks* v. *Fidelity Mutual Life Ins. Co.* 69 Pa. Super. Ct. 43.

The plaintiff relies on the case of *Bouvier* v. *Craftsman Ins. Co.* 300 Mass. 5. In that case the defendant on November 21, 1932, at noon, issued a policy of disability insurance for a premium "which will carry the insurance hereunder from the date of the policy until February 1st 1933." This court held that certain other words in the policy indicated that the coverage lasted all through February 1, 1933, so that the defendant was liable for an injury occurring in the late afternoon of that day. That case did not involve the time when a new premium became payable, but involved merely the time when the coverage ended under an old premium. In our opinion it does not control the case at bar.

*Judgment for the defendant.*