BERA BROOKS LONG v. PILOT LIFE INSURANCE COMPANY.
(Two Cases.)

(Filed 12 June, 1959.)

**1. Insurance §§ 10, 25—**

Where insured dies on the premium due date, the insurer is entitled to deduct the amount of the unpaid premium for the ensuing year from the face amount of the insurance in making settlement with the beneficiary, since the premium becomes due on the anniversary date of the policy notwithstanding that insured may pay the premium at any time on this date without incurring forfeiture, and notwithstanding the provisions of the policy that it should remain in effect for thirty-one days after its due date, the grace period not having the effect of keeping the policy in force without incurring liability for the premium.

APPEAL by plaintiff from *McKinnon, J.,* January Civil Term 1959 of ALAMANCE.

The facts involved in these actions are not in dispute. The plaintiff's husband, Eugene M. Long, had two policies of insurance issued on his life by the defendant, both of which were dated 8 October 1926,

with premiums payable annually on or before the 8th day of October of each year thereafter. Each policy contains the provision that the designated premium was "to be paid on or before the delivery of the Policy, and annually thereafter on or before the eighth day of October in each year during the continuance of this Policy." Under General Provisions it is provided that " * * * the premiums on this policy are computed on the basis that they will be paid annually, in advance * * *."

The policies involved also contain this further provision: "In the payment of every premium after the first, thirty-one days of grace without interest are allowed, during which time the insurance shall continue in full force. In the event of death occurring within the days of grace, the unpaid premium for the then current year shall be deducted from the amount payable hereunder."

All premiums were paid up to and including the premiums on the policies which fell due 8 October 1956. The insured died on 8 October 1957, and the premiums which fell due on the date of the insured's death were not paid. The defendant promptly tendered to the plaintiff the full amount of the policies, less the amounts of premiums due on 8 October 1957, the date of the insured's death. The proffered settlement was as follows: Defendant issued and delivered its check for $9,673.20 to the plaintiff, representing the face value of Policy No. 78127 in the sum of $10,000.00, less the annual premium of $326.80 due on the date of the insured's death, 8 October 1957; and the defendant issued and delivered its check for $4,836.60, representing the face amount of Policy No. 78128 in the sum of $5,000.00, less the annual premium of $163.40, also due and payable on 8 October 1957.

The plaintiff did not cash and still holds the above checks. In the meantime, she brought these two actions for the face amount of each policy with interest from the date of her husband's death.

The two cases were consolidated and heard by the trial judge without a jury upon stipulated facts, including the policies in question which were incorporated in and made a part of the stipulation by reference thereto.

From the judgment that plaintiff recover only the amounts offered by the insurance company, without interest, the plaintiff appeals, assigning error.

*Long, Ridge, Harris & Walker for plaintiff.*
*Wharton & Wharton for defendant.*

DENNY, J.  The primary question in this controversy is simply this: Where the insured died on the premium due date and the premium had not been paid, is the insurance company entitled to deduct the amount of that premium from the face amount of the insurance in making settlement with the beneficiary?

The fact that a policy of insurance is not effective until the first premium is paid, and a policy may have been issued but not delivered until sometime thereafter, the payment of the first annual premium does not keep the insurance in effect for one year from the date of the payment thereof, but for one year from the premium due date fixed in the policy. *Wilkie v. Insurance Co.*, 146 N.C. 513, 60 S.E. 427; *Pace v. Insurance Co.*, 219 N.C. 451, 14 S.E. 2d 411. See 44 A.L.R. 2d Anno: — Insurance — Effective Date, page 477, where the authorities are assembled from some thirty jurisdictions and are in accord with the holding in this respect in *Wilkie v. Insurance Co., supra.* See also 169 A.L.R. Anno: — Life Insurance — Premium Periods, page 291, et seq.

The policies involved herein have been in full force and effect as of and since 8 October 1926. Consequently, the first year of insurance expired at the end of the day of 7 October 1927 and the first premiums covered this period only. 8 October 1927 was the beginning of a new year, for which, under the terms of the respective policies, another annual premium was due in advance on each of the policies. This situation with respect to the time covered by each premium continued until the death of the insured. Therefore, the last annual premium paid covered the year beginning 8 October 1956 and continued through 7 October 1957. The insured died on 8 October 1957, the day the annual premium for another year fell due.

In the case of *Marks v. Fidelity Mut. Life Ins. Co.*, 69 Pa. Super. 43, the premium to be paid annually in advance was paid on the date named when the policy was delivered and the contract thus became operative, which was 13 February 1900. Thereafter the annual premiums were regularly paid until on Sunday morning, 13 February 1916, about 6:00 o'clock, the insured died. The insurance company conceded the policy was in force and would be paid after due proof of death was filed, but the company claimed a year's premium had been earned and would be deducted from the face of the policy. To avoid complications and to collect the insurance promptly, the premium was paid without prejudice to the right of the estate of the insured to sue for its recovery. A suit was brought to recover the premium. The trial court held the insurance company was entitled to the premium. Upon appeal, the Court said: "Whilst the obligation of

the defendant was indefinite as to duration, the covenant of the insured to pay was plainly fixed and definite. He was to pay an annual
payment in advance. It must necessarily follow the purchasing power
of each annual payment would be exhausted with the expiration of
the year for which it was made. With the advent of each new year
a new annual premium would become due and owing. On February
13, 1900, the day the policy was delivered and the first premium was
paid, the contract was in effect. Had the deceased died later on that
day, the obligation of the company to pay would have become absolute. But it would do violence to the plain meaning of the terms used
to say that an annual premium, payable in advance, which purchased insurance on and during the 13th day of February, 1900,
could be carried over into the new year which began on the same date
of 1901. This conclusion is in accord with the principle that has been
so frequently applied in cases of leases of lands or tenements. *Haines
v. Elkman*, 235 Pa. 341; *Adams v. Dunn*, 64 Pa. Superior Ct. 303. If
the estate demised ended at midnight of the day in the next year
preceding the day on which it begun, it must follow the annual rent
reserved in advance had been spent and its purchasing power exhausted at the same moment. Then a new year came on the stage
and in the case at bar the obligation of the insured to pay another
premium arose."

In *Schwenger-Klein, Inc. v. Pacific Mut. Life Ins. Co.*, 83 Ohio App.
126, 80 N.E. 2d 696, a policy of insurance was issued on 3 January
1921 and the premium of $287.00 per annum was to be paid thereafter on 3 January of each year during the life of the insured. The
insured died at 10:00 a.m. on 3 January 1947. The premium had been
paid for the policy year beginning 3 January 1946. The policy contained the provision that, upon proof of the death of the insured,
the face amount of the policy, less any indebtedness thereon to the
company, and "any unpaid portion of the premium for the then current policy year," would be paid to the beneficiary. The appellant
contended that "where a premium is to be paid on a day certain,
but no particular hour is specified, the policy remains in force during the whole of the day and until midnight thereof without payment
of an additional premium. The protection period purchased by the
payment of the previous premium does not expire until midnight of
the premium date. If the insured dies on such premium date, the company is liable for the face amount of the policy without right of deducting an extra year's premium." The Court said: "There can be
no doubt that by virtue of the contract of insurance calling for the
annual payment of premiums that upon the expiration of a year for

which the premium has been paid the policy is not in default on the first day of the succeeding year. But this is not because the premiums paid for the previous years insurance extends beyond the year for which it was paid. An annual premium payment is the consideration of one year's coverage for 365 days, not 366 days. The reason that on the anniversary day upon which the premium becomes payable and the insured is not in default is because the insured has all of that day in which to pay if he desires to continue the contract of insurance."

Likewise, in the case of *Callahan v. John Hancock Mut. L. Ins. Co.*, 331 Mass. 552, 120 N.E. 2d 640, 45 A.L.R. 2d 1262, a policy in the amount of $10,000 on the life of the insured was issued by the defendant on 21 January 1947 in consideration of an annual premium of $477.20 and of a like premium "on or before the twenty-first day of January in each succeeding year." The amount of the policy upon the death of the insured was to be paid "less any unpaid balance or premium for the uncompleted policy year."

The insured died on 21 January 1953. The defendant deducted from the amount of the policy the premium of $477.20 payable "on or before the twenty-first day of January" 1953 and paid the balance to the plaintiff, the wife of the insured and the beneficiary named in the policy. She brought an action to recover the amount so deducted. The Court said: "The policy was in force on the day when it was issued, January 21, 1947, and if the insured had died on that very day the defendant would have been liable to pay the amount of the policy. *American National Bank v. Service Life Ins. Co.* 7 Cir., 120 F. 2d 579, 583, 137 A.L.R. 1148, 1154. Therefore a new policy year commenced on the following January 21, and a new policy year commenced on January 21, 1953. See *Hammond v. American Mutual Life Ins. Co.* 10 Gray 306. It is true that the insured would not have been in default if he had paid the premium late in the day on January 21, 1953, but it is equally true that the premium was owed on the first moment of that day. The law takes no account of fractions of a day, upon a question like this. (Citations omitted.) We conclude that in the present case the premium became due on the first moment of January 21, 1953."

In our opinion, there is no difference in the legal effect of the provisions in the policies considered in the above case with respect to the deduction of the unpaid premium, and in the provision in the respective policies under consideration in this case, as follows: "In the event of death occurring within the days of grace, the unpaid premium for the then current year shall be deducted from the amount

payable hereunder." We interpret this provision to mean that the insurance shall remain in full force and effect for 31 days after its due date and in the meantime the policy cannot be declared lapsed and the insured limited to the option provisions, but that it was never intended to keep the insurance in force on the premium date, without incurring liability to pay the premium due if death occurs on that date or in the event of death before the expiration of the grace period.

The judgment of the court below is
Affirmed.