WALTER, APPELLANT, *v.* JOHNSON, APPELLEE.

(No. 45462—Decided July 1, 1983.)

*Mr. Joseph Naegele,* for appellant.
*Mr. James Dyson* and *Mr. Robert Foulds,* for appellee.

PATTON, C.J. Plaintiff-appellant, Rita A. Walter, appeals from an order of the Court of Common Pleas of Cuyahoga County granting summary judgment in favor of defendant-appellee, Jerrold A. Johnson, on the ground that her cause of action was not brought within the time period prescribed by the applicable statute of limitations.

On February 19, 1981, appellant filed suit against appellee, alleging personal injuries and property damage arising out of an automobile accident occurring on February 17, 1979. Appellant further alleged that appellee had departed from the state of Ohio since the date of the accident so as to toll the statute of limitations for that period of departure pursuant to R.C. 2305.15.

Appellee filed a motion for summary judgment in which he argued that ap-

pellant's claim was time-barred under R.C. 2305.10. He submitted with the motion his affidavit which stated that for sixteen years prior to December 1979 he had lived at 14905 Westropp Rd., in Cleveland, Ohio, and that since that date he has resided continuously at 411 East 275th Street, also in Cleveland, Ohio.

Subsequently, appellee was deposed by appellant in an effort to determine whether appellee had left this state during the running of the statute of limitations. Thereafter, appellant filed a brief in opposition to appellee's motion, arguing that appellee's testimony established that her complaint was timely filed. Appellee filed a reply brief and argued to the contrary.

The trial court granted summary judgment in favor of appellee. Appellant has filed a timely appeal and she presents a single assignment of error for this court's review:

"Where appellant, who was injured in a motor vehicle accident caused by [the] negligence of appellee on February 17, 1979, files her complaint on February 19, 1981, it is error for the trial court to grant appellee's motion for summary judgment where reasonable minds could differ as to the issue of appellee's absence from the state and its effect of tolling the statute of limitations as required by Ohio Revised Code Section 2305.15."

Appellant claims that the trial court erred in granting appellee's motion for summary judgment because reasonable minds could differ on the issue of appellee's absence from the state. We disagree.

R.C. 2305.10 requires that an action for personal injury or damage to personal property be commenced within two years after the cause of action arose. It is undisputed that appellant's complaint filed on February 19, 1981 was filed two days beyond the running of this statute.

However, R.C. 2305.15 may in some instances operate to toll the time within which an action must be brought:

"When a cause of action accrues against a person, if he is out of state, or has absconded, or conceals himself, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, inclusive, and sections 1302.98 and 1304.29 of the Revised Code, does not begin to run until he comes into the state or while he is so absconded or concealed. *After the cause of action accrues if he departs from the state,* or absconds or conceals himself, *the time of his absence* or concealment *shall not be computed as any part of a period within which the action must be brought.*" (Emphasis added.)

In the syllabus of the case of *Wetzel* v. *Weyant* (1975), 41 Ohio St. 2d 135 [70 O.O.2d 227], the Supreme Court of Ohio construed this statute as follows:

"Where a defendant temporarily leaves the state after a cause of action accrues against him, he 'departs from the state' within the meaning of R.C. 2305.15, and the time of his absence is not computed as any part of a period within which the action must be brought. * * *"

Appellant has the burden of showing that appellee absented himself from Ohio for two days between February 17, 1979, the date on which her cause of action arose, and February 17, 1981, the last date on which her complaint could have been timely filed pursuant to R.C. 2305.10. *Conway* v. *Smith* (1979), 66 Ohio App. 2d 65, 70 [20 O.O.3d 134].

Appellee testified at his deposition that sometime in the summer or fall of 1980, during a weekend, he and several friends went camping at a campground known as Pymatuning. Apparently, this campground is located in both the state of Ohio and the state of Pennsylvania. He remembered leaving Cleveland on a Saturday morning and returning early the following morning. With regard to appellee's presence in Pennsylvania during this time, the following testimony was adduced:

"Q. As a matter of fairness you

don't know what city you were in or what township you were in, do you?

"A. I believe we were in Ohio. I don't remember seeing any Pennsylvania signs.

"Q. But it is possible that you were in Pennsylvania and didn't know that, isn't it?

"A. I doubt it.

"Q. But it's possible?

"A. Possible.

"* * *

"Q. Or reading the signs? You wouldn't be willing to state categorically under oath and positively that you were in Ohio at that campsite, were you?

"A. I'd say I was in Ohio, yes.

"Q. You would make that assertion under oath positively without any doubt in your mind?

"A. I'm pretty sure I was.

"Q. But as a matter of fact if it was possible that you were in Pennsylvania and you didn't see the road sign then in fact you would be wrong if you stated you were in Ohio?

"A. You're asking me what I think?

"Q. I'm asking you if you know for certain. You don't know, do you?

"A. No.

"Q. In fact, the campsite could have been either in Pennsylvania or in Ohio?

"A. It could have been."

Appellant claims that fractions of a day are not generally considered in the legal computation of time, and that the day on which an act is done or an event occurs must therefore be wholly included or excluded in the computation. Thus, she argues that she has demonstrated that appellee was absent from Ohio for the two days (Saturday and Sunday) necessary to make her complaint timely filed. We do

not disagree with this general principle regarding the computation of time. See *Greulich* v. *Monnin* (1943), 142 Ohio St. 113, 117 [26 O.O. 314]; *Schwenger-Klein, Inc.* v. *Pacific Mutual Life Ins. Co.* (1948), 83 Ohio App. 126, 128 [38 O.O. 210]. However, based upon the deposition testimony, we cannot say that appellant has satisfied the burden of showing that appellee was even present in Pennsylvania during the weekend in question. At one point during his deposition, appellee flatly stated that he did not cross over to the Pennsylvania side of Pymatuning. His remaining testimony on this issue, as set forth above, is simply too inconclusive for us to conclude otherwise.

Therefore, because we find that appellant failed to establish appellee's absence from Ohio for the two days required to make her action timely filed, the trial court did not err in granting summary judgment in favor of appellee.[1]

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

PRYATEL, J., concurs.

MARKUS, J., concurs separately.

MARKUS, J., concurring. I agree with the analysis in the majority opinion regarding appellant's failure to demonstrate appellee's absence from Ohio. Further, in my view, no absence for less than the entirety of a calendar day extends the time for filing suit pursuant to R.C. 2305.15.

_____
[1] Because appellant filed her complaint on a Thursday, Civ. R. 6(A) is not applicable.