DECISION AND JOURNAL ENTRY.
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Paul Barker, appeals from the judgment of the Lorain County Court of Common Pleas which granted summary judgment in favor of Appellee, Todd Strunk. This Court affirms.
 I. {¶ 2} On November 7, 2003, Appellant, Paul Barker, sustained personal injuries in a motor vehicle collision with Appellee, Todd Strunk. On November 14, 2005, Appellant filed suit against Appellee in Lorain County Common Pleas Court, alleging that he sustained injuries as a result of Appellee's negligent operation of his vehicle. Pursuant to Ohio's statute of limitations for personal *Page 2 
injury actions, Appellant was required to file this action on or before November 7, 2005. Because Appellant filed his complaint outside of the statute of limitations, on November 14, 2005, Appellee filed a motion to dismiss Appellant's action.
 {¶ 3} On December 12, 2005, Appellant filed a motion for leave to respond to Appellee's motion to dismiss. On December 15, 2005, Appellant filed a request for discovery. On January 11, 2006, Appellant filed a brief in opposition to Appellee's motion to dismiss. Appellant first alleged that representatives of Appellee misinformed him of the accident date. Appellant additionally requested discovery to determine whether Appellee left the state since November 7, 2003. Appellant alleged that if Appellee left the state during the time period between the accrual of the cause of action and the expiration of the statute of limitations, then the two year statute of limitations is tolled under R.C. 2305.15
for the time during which Appellee was absent.
 {¶ 4} On January 26, 2006, the trial court entered an order informing the parties that it would treat Appellee's motion to dismiss as a motion for summary judgment. The court permitted the parties to conduct further discovery and to supplement their briefs accordingly. The parties conducted additional discovery and supplemented their briefs. On April 3, 2006, Appellant filed a supplemental brief in opposition to Appellee's motion to dismiss. In Appellant's brief, he argued that his complaint was timely filed because Appellee was outside the state in excess of seven days during the accrual period, thereby tolling the statute of *Page 3 
limitations for at least seven days. On April 25, 2006, the trial court entered an order granting Appellee's summary judgment motion on the grounds that Appellant had failed to provide evidence demonstrating Appellee's absence for more than six days during the two years between November 7, 2003 and November 7, 2005. Appellant timely filed a notice of appeal, raising two assignments of error.
 ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRONEOUSLY GRANTED [APPELLEE'S] MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF THE LIMITATIONS PERIOD BECAUSE THE LIMITATIONS PERIOD WAS TOLLED UNDER R.C. § 2305.15 DUE TO [APPELLEE'S] ABSENCE FROM OHIO FOR TEN (10) DAYS."
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRONEOUSLY GRANTED [APPELLEE'S] MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF THE LIMITATIONS PERIOD BECAUSE [APPELLEE] WAS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW."
 {¶ 5} In Appellant's assignments of error he contends that the trial court erred in granting Appellee's motion for summary judgment because (1) the limitations period was tolled under R.C. 2305.15 due to Appellee's absence from Ohio for ten days, (2) the trial court failed to construe the evidence most strongly in favor of the non-moving party and (3) the trial court erred in finding that reasonable minds could not find that Appellee was absent from Ohio in excess of seven days. We disagree. *Page 4 
 {¶ 6} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 7} Pursuant to Civil Rule 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735. *Page 5 
 {¶ 8} Appellant concedes that the complaint was filed seven days after the two-year statute of limitations ran on his personal injury claim. However, Appellant asserts that summary judgment was inappropriate because Appellee was out of town for ten days thereby entitling him to toll the statute of limitations for the period during which Appellee was out of the state. Thus, the only issue present in this case is whether the statute of limitations was tolled for at least seven days, thereby making the filing of the complaint timely.
 {¶ 9} Statutes of limitations are remedial in nature. Elliot v.Fosdick Hilmer, Inc. (1983), 9 Ohio App.3d 309, 312. Consequently, statutes of limitation are entitled to liberal construction. Cero RealtyCorp. v. American Mfrs. Mut. Ins. Co. (1960), 171 Ohio St. 82, 85. In addition, savings statutes should be liberally construed to ensure that cases are decided on the merits whenever possible, rather than on procedural technicalities. Stenglein v. Nelson, 11th Dist. No. 2003-P-0004, 2003-Ohio-5709, at ¶ 11. "Statutes of limitations, however, do serve a legitimate purpose and cannot be ignored. A statute of limitations is `intended to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights.'" Id. at ¶ 12, quoting Crown, Cork Seal Co., Inc. v. Parker (1982), 462 U.S. 345,352.
 {¶ 10} An action for bodily injury or injury to personal property shall be brought within two years after the cause thereof arose. R.C.2305.10(A). Pursuant to R.C. 2305.15, the statute of limitations, however, tolls for the time period in *Page 6 
which the person subject to suit departs the state. R.C. 2305.15(A) tolls the statute of limitations for the period during which the defendant is
 "out of the state, has absconded, or conceals self, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, 1302.98, and 1304.35
of the Revised Code does not begin to run until the person comes into the state or while the person is so absconded or concealed. After the cause of action accrues if the person departs from the state, absconds, or conceals self, the time of the person's absence or concealment shall not be computed as any part of a period within which the action must be brought."
 {¶ 11} As Appellee pled R.C. 2305.10 as an affirmative defense, the obligation of showing a genuine issue of fact as to whether Appellee was absent from the state so as to prevent, or toll, the running of the statute of limitations is on Appellant. American Bankers Ins. Co. ofFlorida v. Carroll (Aug. 4, 1977), 10th Dist. No. 77AP-297, at *4. Consequently, Appellant has the burden of establishing that Appellee was absent from Ohio for at least seven days during the accrual period.Walter v. Johnson (1983), 10 Ohio App.3d 201, 202, citing Conway v.Smith (1979), 66 Ohio App.2d 65, 70.
 {¶ 12} Appellant contends that between November 7, 2003 and November 7, 2005, Appellee was outside Ohio for ten days. More specifically, Appellant alleges that Appellee was visiting New York City on August 31, September 1, and September 2, 2004. Appellant contends that these absences constitute a three-day absence from the state. Appellant additionally contends that Appellee was visiting Ontario, Canada on March 17, March 18 and March 19, 2005. Appellant contends *Page 7 
that this trip amounts to a three-day absence from the state. In addition, Appellant contends that on September 23, September 24, September 25 and September 26, 2005, Appellee was again out of the state, visiting New York City. Appellant contends that this trip amounted to a four day absence from the state.
 {¶ 13} We find guidance in both case law and secondary authorities for our computation of a day's absence from the state. Ohio Jurisprudence provides that
 "As a general rule, fractions of a day are not considered in the legal computation of time, and the day on which an act is done or an event occurs must be wholly included or excluded. The term `day,' in law, embraces the entire day, and refers to a day as a unit of time, rather than as an aggregation of hours, minutes, or seconds. In this sense, a day is not capable of subdivision into hours, minutes, or seconds, but is to be taken as a whole. In such computations, the hours are not counted to ascertain whether a period of 24 hours or a given number of such periods has elapsed between the act to be done and the day from which the time is to begin running. Every day and every part of that day is, by this rule, one day. The last moment of any day is considered to be one day before the first moment of the next day, although the elapsed time is infinitesimal." 88 Ohio Jur. 3d, Time, § 14.
 {¶ 14} In Elliott v. Davenport (June 22, 1979), 6th Dist. No. L-78-254, the Sixth District Court of Appeals was faced with a factually similar situation. The plaintiff in Elliott filed her personal injury action more than a month after the two-year statute of limitations had run. The plaintiff asserted that the statute of limitations was tolled by virtue of R.C. 2305.15. As in this matter, the plaintiff asserted that the defendant's absences for part of a day should have been accumulated to extend the time within which suit could be filed. The Sixth *Page 8 
District declined to compute time in this manner. We find the court's reasoning particularly relevant to our analysis:
 "Statutes of limitations are enacted in order to lay stale claims to rest. The legislature recognizes that, over time, witnesses move and memories fade. To permit a plaintiff who has slept on her rights to accumulate every theoretical hour the defendant was absent from the state in order to extend the time mandated by statute for asserting a claim, does violence to the legislative intent." Id. at *1.
The court further explained that "[t]o extend the statute to hours, minutes or perhaps far away thoughts is too much." Id. at *2. Further, the court reasoned that if a defendant was out of the state for part of a day, then he was also in the state for part of a day. Id. We are persuaded by the court's reasoning. Accordingly, in computing the tolling time, we will only consider whole days, not fractions of days. Under this method of computation, absences from this state covering only a portion of one calendar day are not absences within the contemplation of R.C. 2305.15.
 {¶ 15} On appeal, Appellant attempts to utilize Appellee's bank records to establish the dates on which Appellee was absent from the state. There is no indication that the trial court relied on the bank records in disposing of Appellee's summary judgment motion. However, the trial court is presumed to consider only admissible evidence in reviewing a controversy to determine whether there are material facts in dispute. Plumbers Local Union No. 94, AFL-CIO v. Kokosing Constr.Co. (Sept. 28, 1992), 5th Dist. No. 8865, at *3. The bank statements are not admissible evidence. See Stuller v. Price, 10th Dist. Nos. 02AP-29, 02AP- *Page 9 
267, 2003-Ohio-583, at ¶ 20 (finding that the appellee was entitled to summary judgment because the appellants did not satisfy their reciprocal burden to present admissible evidence). Evid. R. 801(c) defines hearsay as "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." While Evid. R. 803(6) provides an exception to the hearsay rule for business records, Appellant failed to lay a proper foundation for the admission of these statements. To set a proper foundation for the admission of a business record, the party seeking to offer the document must demonstrate that
 "(1) the record was prepared by an employee of the business who had a duty to report the information; (2) the person providing the information contained in the record had personal knowledge of the event or transaction reported; (3) the record was prepared at or near the time of the event or transaction; and (4) it was a regular practice or custom of the business in question to prepare and retain the type of record." State v. Hall, 2d Dist. No. CIV.A.19074, 2003-Ohio-2824, at ¶ 34, citing McCormick v. Mirrored Image, Inc. (1982), 7 Ohio App.3d 232, 233.
The record before us reveals that Appellant has failed to meet this burden. Accordingly, we decline to consider the bank statements.
 {¶ 16} We now turn to Appellee's deposition testimony. With regard to Appellee's trip to New York City in August and September of 2004, Appellee testified:
 "Q. So you could have left on August 31st?
 "* * * *Page 10 
 "Q. * * * you would have been out of the state a good portion of the day on August 31st, yes?
 "A. Yes.
 "Q. All day September 1st, yes?
 "A. All day September 2nd?
 "Q. So we're not sure if you were out of the state on the second or the third?
 "A. Correct.
 "Q. But you could have been?
 "A. Correct."
 {¶ 17} Appellee also testified regarding his March 2005 trip to Ontario, Canada. Appellee testified as follows:
 "Q. So you left late afternoon of 3-17, you were out of the state 3-18?
 "A. Yes.
 "Q. Do you have any recollection of what day you came back?
 "A. To the best of my knowledge we came back Saturday afternoon, the 19th.
 "Q. So that would be March 19th of 2005 in the afternoon?
 "A. Yes."
 {¶ 18} Finally, Appellee testified that he again traveled to New York City in September of 2005. With regard to this trip, Appellee testified that he was not certain as to the number of nights he spent in New York City. He agreed with *Page 11 
Appellant's counsel that he "could have been outside the state of Ohio for one day or two days[.]"
 {¶ 19} Here, construing the evidence most strongly in favor of Appellant, R.C. 2305.15 could operate to toll the statute of limitations only five days. Considering only whole day absences, we find that Appellee was, at most, absent from the state during September 1 and September 2, 2004, March 18, 2005 and two days in September 2005. Thus, Appellant has failed to satisfy his burden of offering evidence to show a genuine issue of material fact as to the running of the two-year statute of limitations. We find that Appellee was entitled to judgment as a matter of law on the statute of limitations issue. Accordingly, summary judgment was properly granted in favor of Appellee. Appellant's assignments of error are overruled.
 III. {¶ 20} Appellant's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
 The Court finds that there were reasonable grounds for this appeal. *Page 12 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 SLABY, P. J. CARR, J. CONCUR *Page 1