CONWAY ET AL., APPELLANTS, *v.* SMITH, APPELLEE.

(No. 39707—Decided November 29, 1979.)

*Messrs. Pressman, Cohen, Davis & Steinberg* and *Mr. Julian Cohen,* for appellants.

*Messrs. Cronquist, Smith, Marshall & Kagels* and *Mr. Philip J. Weaver, Jr.,* for appellee.

PRYATEL, J. On June 7, 1976, plaintiffs-appellants, Earlest Conway and his wife, Edith (hereinafter appellants), filed a complaint in the Court of Common Pleas of Cuyahoga County against defendant-appellee, Sam A. Smith (hereinafter appellee). The complaint alleged personal injuries and property damage arising out of an automobile accident occurring on June 8, 1974.

Between June 7, 1976, and October 28, 1976, appellants attempted service of process upon appellee three times by certified and ordinary mail.[1] Appellants were unsuccessful.[2]

Having failed to serve appellee with notice of the complaint in the present action, on December 30, 1977, appellants filed a motion with the trial court, entitled "Motion to Stay Dismissal and to Extend the Time for Obtaining Service." Attached to this motion was an affidavit executed by Attorney William Bonezzi (see fn. No. 2, *supra)* alleging that, in November of 1976, he (Bonezzi) was told by counsel for appellee's insurance company that appellee was in West Virginia. Also attached to the motion was a certified copy of the Municipal Court docket in criminal case No. 74-CR-314877, against appellee (which also arose out of the 1974 automobile accident), showing that a capias had been issued for appellee on September 10, 1974, because of his failure to appear in court.

After filing an affidavit averring that service could not be effected upon appellee since his residence was unknown, on February 23, 1978, appellants perfected service by publication pursuant to Civ. R. 4.4(A).

On March 23, 1978, appellee filed a motion to dismiss the present case on the ground that appellants failed to commence the action within the two year limitation for commencement of personal injury litigation under R. C. 2305.10.

On June 29, 1978, the trial court sustained appellee's motion to dismiss on this ground. From this order, appellants appeal alleging three assignments of error for our consideration.

Assignments of Error Nos. I and II read as follows:

[1] The first of these attempts was on June 7, 1976. Notice by certified mail was sent to appellee's residence and was returned, marked "unclaimed." On July 22, 1976, appellants attempted service by ordinary mail. This, too, was returned, marked "addressee unknown." The third attempt, on October 28, 1976, was again by ordinary mail and, again, was returned, marked "not deliverable as addressed."

[2] In the meanwhile, appellee, in a separate action, had instituted suit against appellants. Attorney William Bonezzi represented the appellants in that suit. On November 23, 1976, counsel for appellants, in the case *sub judice,* was deputized to serve the complaint in the present action personally upon appellee at a deposition being held in appellee's suit against appellants. The deposition was postponed and service was never effected, since appellee failed to appear. That action, Municipal Court case No. 76-CVE-15334, was settled on January 19, 1977. Appellants did not assert the substance of the present action as a counterclaim, nor was there any motion to consolidate the two actions.

"I. The lower court erred in denying plaintiffs' motion to stay dismissal and to extend the time for obtaining service.[3]

"II. The trial court erred in granting defendant's motion to dismiss '...for the reason that service was not had within one year following the filing of the within action, although such service could have been procured by publication during that period of time.'"

R. C. 2305.03 provides, in part, as follows:

"A civil action, unless a different limitation is prescribed by statute, can be *commenced* only within the period prescribed in sections 2305.03 to 2305.22, inclusive, of the Revised Code.***" (Emphasis added.)

R. C. 2305.10 requires that an action for personal injury or damage to personal property be commenced within two years after the cause of action arose.

Civ. R. 3(A) provides:

"A civil action is *commenced* by filing a complaint with the court, *if service is obtained within one* year from such filing."[4] (Emphasis added.)

In the present case, the cause of action arose on June 8, 1974 (the date of the automobile accident). Appellants filed their complaint on June 7, 1976, one day before the statute of limitations ran out. Under Civ. R. 3(A), appellants then had one additional year to commence the action, that is, until June 7, 1977. Appellants did not obtain service until February 23, 1978, fully one year, eight and one half months after filing their complaint. The action, therefore, was never commenced

---

[3] This motion was never specifically ruled upon by the trial court. However, appellants did not argue the assignments of error separately in their brief. Their argument is addressed only to the granting of appellee's motion to dismiss. For all practical purposes, the granting of the motion to dismiss denied appellants' "Motion to Stay Dismissal and to Extend the Time for Obtaining Service."

[4] R. C. 2305.17 provides, in part, as follows:

"An action is commenced within the meaning of sections 2305.03 to 2305.22, inclusive,***of the Revised Code, by filing a petition in the office of the clerk of the proper court together with a praecipe demanding that summons issue***if service is obtained within one year."

Civ. R. 3(A) is substantially the same as R. C. 2305.17 and the definition under Civ. R. 3(A) is applicable to R. C. 2305.03 to 2305.22. See *Lash* v. *Miller* (1977), 50 Ohio St. 2d 63. For purposes of this opinion we will use the definition contained in Civ. R. 3(A), as appellants did file the requisite praecipe with the clerk of courts and both the appellants and the appellee rely only on Civ. R. 3(A) in their arguments.

within the meaning of the Civil Rules or R. C. Chapter 2305, either within the two year period after the accident or the one year savings clause of Civ. R. 3(A). Hence, in absence of any exception, appellants' claim is barred. See *Lash, supra; Mason* v. *Waters* (1966), 6 Ohio St. 2d 212; *Webb* v. *Chandler* (1959), 110 Ohio App. 193.

However, appellants assert here, as they asserted in the trial court, that their failure to obtain service within one year of filing their complaint was caused by appellee's absence from this state. Appellants argue that this absence tolled the two year limitation under R. C. 2305.15, which provides:

"When a cause of action accrues against a person, if he is out of state, or has absconded, or conceals himself, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, inclusive, and sections 1302.98 and 1304.29 of the Revised Code, does not begin to run until he comes into the state or while he is so absconded or concealed. *After the cause of action accrues if he departs from the state, or absconds or conceals himself, the time of his absence or concealment shall not be computed as any part of a period within which the action must be brought.*" (Emphasis added.)

Appellants maintain that this section applies, notwithstanding the fact that the complaint had been timely filed and appellants could have obtained service by publication under Civ. R. 4.4(A).

Appellee argues, to the contrary, that because appellants filed a timely complaint, R. C. 2305.15 did not apply, and that the burden was on appellants, through the exercise of due diligence, to secure service of process on appellee. Stated differently, appellee contends that R. C. 2305.15 can only be invoked where no action is taken in a court of law, and that once a complaint is filed, that section ceases to apply. In short, appellee argues that since appellants filed their action within two years after the cause of action arose, but failed to commence it by perfecting timely service within a year therefrom, they were barred from pursuing the claim.

In the syllabus of *Wetzel* v. *Weyant* (1975), 41 Ohio St. 2d 135, the court held:

"Where a defendant temporarily leaves the state after a cause of action accrues against him, he 'departs from the state' within the meaning of R. C. 2305.15, and the time of his

absence is not computed as any part of a period within which the action must be brought.***"

In *Wetzel, supra,* the court ruled that this was so, even though the defendant, who was absent on vacations and business trips, remained amenable to personal service throughout his absence.

In *Seeley* v. *Expert, Inc.* (1971), 26 Ohio St. 2d 61, a case in which all parties were Michigan residents who were *never* residents of Ohio, the court, at paragraph three of the syllabus, stated, in part, as follows:

"3. The provisions of R. C. 2305.15,***are applicable despite the fact that suit could have been brought in Ohio at any time after an automobile collision by virtue of R. C. 2703.20, which permits service of process on a nonresident motorist or owner of a motor vehicle by service on the Ohio Secretary of State, with copy mailed to the defendant's last known address. (*Couts* v. *Rose,* 152 Ohio St. 458, followed.)"

The *Seeley* court specifically rejected the defendant's argument that plaintiff's ability to serve process on defendant by serving the Secretary of State rendered the provisions of R. C. 2305.15 inapplicable.

It is clear from the above case law that the fact that appellants could have obtained service by publication when they filed their complaint does not affect the application of R. C. 2305.15 to this case. The provisions of R. C. 2305.15 are to be read literally in favor of plaintiffs. As the Supreme Court stated in *Meekison* v. *Groschner* (1950), 153 Ohio St. 301, at page 309, "***[t]his court, in two recent cases, has shown its philosophy to be in favor of not barring an action which has accrued to an Ohio citizen unless the statutes of limitation unequivocally require it.***"

We conclude, therefore, that R. C. 2305.15 applies where a defendant "departs from the state," whether or not a complaint has been filed within the two year statute of limitations.

However, to invoke R. C. 2305.15, appellants must show that appellee was absent from this state. The only evidence presented to the trial court consists of the affidavit of Attorney William Bonezzi, based on hearsay,[5] a docket sheet from a criminal action indicating that a capias had been issued,

---

[5] He was told by counsel for appellee's insurance company that appellee was in West Virginia in November of 1976.

and appellants' lack of success in serving appellee at his last known address (the same address to which the capias was directed). The capias[6] is of little probative value since such writs are issued daily in the Municipal Court for individuals who reside either in or out of the city, or out of state. We conclude that there is no competent evidence to indicate whether appellee departed from the state and, if so, when he left. Appellants had the burden of showing that appellee absented himself from the state and remained away, if they chose to rely on R. C. 2305.15. *Nelson Morris & Co.* v. *Cisler* (1908), 7 N.P. (N.S.) 142. We hold that a hearsay statement and the issuance of a capias directed to the same address where service of process could not be effected do not satisfy the burden placed on the appellants by law.

Accordingly, since this action was not commenced within the time required by law and since appellants failed to establish that appellee was absent from the state, Assignments of Error Nos. I and II are overruled.

Assignment of Error No. III reads as follows:

"III. The trial court erred in denying plaintiffs' motion to vacate and motion for reconsideration."

Appellants filed a motion, entitled "Motion to Vacate and Motion for Reconsideration," in the trial court on July 19, 1978. They filed their notice of appeal with this court on July 26, 1978. Properly, the trial court has not ruled on the motion. Once a case is appealed to this court, the lower court loses jurisdiction to rule on a motion to vacate judgment. *Majnaric* v. *Majnaric* (1975), 46 Ohio App. 2d 157; *Vavrina* v. *Greczanik* (1974), 40 Ohio App. 2d 129.

Accordingly, we dismiss this assignment of error for the reason that we have no order before us upon which error can be predicated, since the trial court could take no action on the motion to vacate.

Accordingly, Assignment of Error No. III is dismissed.

Therefore, the judgment of the Court of Common Pleas of Cuyahoga County is affirmed.

*Judgment affirmed.*

STILLMAN, P. J., and DAY, J., concur.

---

[6] This simply confirmed what appellants already knew: appellee was not at his last known address.

DAY, J., concurring. Jurisdiction remains in a trial court over any part of its order or judgment which is not inconsistent with the jurisdiction of the appellate court to review the appealed order or judgment. The trial court may also take other action with the permission of the appellate court, cf. *Majnaric* v. *Majnaric* (1975), 46 Ohio App. 2d 157, 158-161. These propositions avail the appellants nothing in the instant case because of a basic inconsistency between review of the issue appealed and the motion to vacate.

For these reasons, I concur in the judgment, but, do not agree with the *flat* statement that the lower court loses jurisdiction to rule on a motion to vacate judgment once an appeal is filed.