**NOONAN et al., Appellants,**

v.

**ROGERS, Appellee.**

[Cite as *Noonan v. Rogers* (1994), 97 Ohio App.3d 621.]

Court of Appeals of Ohio,
Hamilton County.

No. C–930639.

Decided Oct. 12, 1994.

*McCaslin, Imbus & McCaslin* and *Douglas E. King,* for appellants.

*Benjamin, Yocum & Heather* and *Timothy P. Heather,* for appellee.

*Per Curiam.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Hamilton County Court of Common Pleas, the briefs and the arguments of counsel. We have *sua sponte* removed this case from the accelerated calendar.

On March 8, 1993, plaintiffs-appellants Kathleen Noonan and West American Insurance Company initiated the instant suit against defendant-appellee Brooke C. Brown Rogers for damages arising out of an automobile accident that occurred on August 18, 1990. It is apparent, therefore, that the complaint was filed more than two years after the date of the accident and after the applicable statutory time period had expired. R.C. 2305.10. The complaint states no reason on its face for the untimely filing.

Appellee filed a motion to dismiss under Civ.R. 12(B)(6) on the grounds that the complaint was not filed within the two-year time period specified in R.C. 2305.10. The parties then stipulated that appellee had lived outside of Ohio from November of 1991 until November of 1992. In response to the appellee's motion, appellants argued that pursuant to R.C. 2305.15(A) of Ohio's tolling statute, the time during which the appellee was outside the state should not be counted as any part of the two-year period within which the action was to be filed. Prior to the trial court's ruling on the motion, both parties submitted affidavits on the issue of whether appellee had concealed her whereabouts in leaving the state. The trial court, in granting the motion to dismiss, made it clear in its entry that it had considered the affidavits. Although the appellants' assignment of error on appeal states that the trial court erred in granting the motion to dismiss, the parties conceded at oral argument that by considering the affidavits, the court had, pursuant to Civ.R. 12(B), converted the motion to dismiss into one for summary judgment. This was apparently done with the full knowledge and acquiescence of counsel, as both sides relied on affidavits in support of their respective positions.

The appellants had the burden of proving that the appellee was absent from the state in a manner that would invoke the tolling statute. *Conway v.*

*Smith* (1979), 66 Ohio App.2d 65, 20 O.O.3d 134, 419 N.E.2d 1117. The United States Supreme Court in *Bendix Autolite Corp. v. Midwesco* (1988), 486 U.S. 888, 108 S.Ct. 2218, 100 L.Ed.2d 896, declared the most frequently invoked part of the tolling statute to be an unconstitutional burden on interstate commerce. Though the issue is not addressed in *Bendix, supra*, we agree with the reasoning in *Gray v. Austin* (1992), 75 Ohio App.3d 96, 598 N.E.2d 893, and *Stutz v. Grigsby* (May 14, 1993), Lucas App. No. L–92–335, unreported, 1993 WL 155644, that R.C. 2305.15(A) of the tolling statute may still be applied where the defendant has absconded or concealed himself or herself to avoid service of process.

■ In this case, the record reveals that the material offered by the appellants was insufficient as a matter of law to establish that appellee left the state to conceal herself from service and did not, as we see it, create a factual dispute on this issue. Thus, in the absence of any demonstration of the grounds necessary to toll the limitations period, we hold that the trial court correctly ruled that the appellants failed to file their claim within the two-year time period specified by R.C. 2305.10.

Accordingly, the judgment of the trial court is affirmed as it is hereby modified to reflect the entry of summary judgment pursuant to Civ.R. 56, rather than a dismissal pursuant to Civ.R. 12(B)(6).

*Judgment affirmed*
*as modified.*

SHANNON, P.J., DOAN and BETTMAN, JJ., concur.