OPINION
Plaintiffs Della, Barron and Erika Walker appeal a judgment of the Court of Common Pleas of Fairfield County, Ohio, dismissing appellants' complaint with prejudice. Appellants assigns three errors to the trial court:
 ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FINDING THAT APPELLEE WAS ENGAGED IN INTERSTATE/INTERNATIONAL COMMERCE THEREBY MAKING R.C. 2305.15(A) UNCONSTITUTIONAL AS APPLIED TO APPELLEE.
 II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FINDING THAT R.C. 2305.15(A) IS UNCONSTITUTIONAL AS APPLIED TO THE APPELLEE BECAUSE HE HAS CONCEALED HIMSELF FROM EXPOSURE TO THIS SUIT.
 III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ALLOWING A RESIDENT AND CITIZEN OF INDIA, WHO HAS LEFT AND NO LONGER LIVES IN THE UNITED STATES, TO RAISE A CONSTITUTIONAL DEFENSE.
The record indicates appellants filed a complaint for personal injuries received by Della Walker when her vehicle collided with one operated by defendant-appellee Thomas M. Kakkaniyil, on February 27, 1995. Appellee was cited in the accident. Appellee is a Catholic priest who is a resident and citizen of India. Approximately six months after the accident, appellee returned to India. Appellants brought their complaint on May 20, 1997, claiming permanent injuries as a result of the crash. Appellee moved to dismiss or in the alternative, for a judgment on the pleadings, on the grounds appellants' action was barred by the statute of limitation. Appellee also filed an answer, denying negligence and raising the statute of limitations as an affirmative defense. Appellants had maintained appellee was absent from the State of Ohio, and they were unable to locate him.
 I
R.C. 2305.10 provides an action for bodily injury shall be brought within two years after the cause of action arose. Pursuant to R.C. 2305.15, certain situations toll the statute of limitations. The statute provides if the defendant is out of state, has absconded, or conceals himself, then the statute is tolled.
The trial court, relying on Bendix Autolite Corporation v.Midwesco Enterprises, Inc. (1988), 486 U.S. 888, held R.C. 2305.15
is unconstitutional as applied to the present action. In Bendix,
the United States Supreme Court found Ohio's tolling statute violates the Commerce Clause because in order to gain protection of the statute of limitations, a non-resident would have appoint a resident agent for service of process in Ohio and subject itself to the jurisdiction of Ohio courts. Bendix, at 892. The United States Supreme Court found Ohio could not justify the statute as a means of protecting its residents from persons who are liable for acts done within the State, because Ohio has a long-arm statute which permits service throughout the period of limitation. Thus, the Court found the Ohio statute imposes a greater burden on an out-of-state person than it does on an Ohio person, Bendix, at 894.
Appellee argued to the court in September of 1995, he left Ohio and returned to India because he had been reassigned by church officials.
The trial court found pursuant to Bendix, supra, and Hackleyv. Tomioka (June 29, 1992), Union App. No. 14-91-56, unreported, the tolling statute could not be constitutionally applied to appellee because he left Ohio for employment reasons.
Appellants argue the case at bar differs in many respects from the facts in Bendix, supra. Appellants assert this action does not in any way impact upon interstate commerce, because it is a dispute between an Ohio citizen and a citizen of another country. Bendix involved a contract action, while this involves a tort action. The contract action in Bendix involved two corporations, operating in the United States, but residing in different states. Appellants argue to view appellee's return to his homeland as "interstate commerce" is too great a stretch of the imagination.
Interstate commerce is affected when people move between the states in the course of or in search of employment, see Tesar v.Hallas (1990, N.D. Ohio), 738 F. Supp. 240. As the trial court pointed out, the Commerce Clause of the United States Constitution is not merely limited to interstate commerce, but also applies to foreign or international commerce as well. Hackley, supra.
Appellee points out appellants could have brought their action within the statute of limitations, and attempted service under the long-arm statute, R.C. 2307.382 and Ohio Rules of Civil Procedure.
We find the trial court did not err in finding, pursuant toBendix, supra, it is unconstitutional to apply the tolling provisions of R.C. 2305.15 to this action.
The first assignment of error is overruled.
 II
In their second assignment of error, appellants argue appellee concealed himself from exposure to this action, and for this reason, the court should not have found R.C. 2305.15
unconstitutional as applied to him. Appellants argue a motion to dismiss or motion for judgment on the pleadings, brought pursuant to Civ.R. 12, requires the court to review the pleadings in a light most favorable to the plaintiff, and to refrain from granting the motion unless there is no possible reading of the pleading that could state a claim for relief, O"Brien v. TheUniversity Community Tenants Union, Inc. (1975),42 Ohio St.2d 242.
In Noonan v. Rogers (1994), 97 Ohio App.3d 621, the Court of Appeals for Hamilton County found Ohio law permits applying the tolling statute if the defendant has absconded or concealed himself or herself to avoid service of process, Noonan at 623, citation deleted. The court of appeals also found the burden lies with the plaintiff to allege, and to produce evidence to create a factual dispute on the issue of whether the defendant has concealed himself or absconded from the jurisdiction.
We find the trial court did not err in finding appellants had failed to demonstrate appellee left Ohio to avoid service of process.
The second assignment of error is overruled.
 III
In their third assignment of error, appellants argue the trial court should not have permitted appellee, a resident and citizen of India to raise a defense pursuant to the United States Constitution. Appellants urge certain constitutional protections and rights extend to aliens, but other provisions of the Constitution are exclusively reserved for citizens of the United States. Appellants argue to permit appellee to assert the protections and privileges of the Constitution in this case does not promote the interests of justice.
Appellee replies he is entitled to Equal Protection of Law under the Fourteen Amendment, event though he is an alien, see, e.g., Graham v. Richardson (1971), 403 U.S. 365. Appellee asserts he submitted himself to the laws of Ohio while he was within the jurisdiction, and has actually submitted to the jurisdiction of this court and the trial court even after he has left the United States.
We find the trial court did not err in finding R.C. 2305.15
is unconstitutional as applied to appellee, even if he is a non-resident and non-citizen.
The third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.
By Gwin, P.J., Hoffman, J., and Wise, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.