Appellants Nola and Earl Warstler appeal from common pleas court orders that dismissed their complaint against appellee David Hein as time-barred and denied their motion for reconsideration. Appellants argue:
 I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT/APPELLEE'S MOTION TO DISMISS PLAINTIFFS' PERSONAL INJURY TORT COMPLAINT FOR FAILURE TO STATE A CLAIM, APPARENTLY ON LIMITATIONS GROUNDS, WITHOUT CONSIDERATION OF PLAINTIFFS/APPELLANTS' TIMELY RESPONSE THERETO, AND FURTHER IN LIGHT OF THE EXISTENCE OF MATERIAL FACTUAL ISSUES REGARDING THE APPLICABILITY OF THE OHIO SAVINGS STATUTES (ORC 2305.15 2305.19) AS WELL AS PERTINENT EQUITABLE ESTOPPEL ISSUES IN THE CONTEXT OF AN OUT-OF-STATE DEFENDANT ALREADY PREVIOUSLY SUED IN ANOTHER FORUM.
 II. THE TRIAL COURT ERRED WHEN IT OVERRULED PLAINTIFFS/APPELLANTS' MOTION FOR RECONSIDERATION OF THE COURT'S RULING GRANTING DEFENDANT/APPELLEE'S MOTION TO DISMISS, WHICH WAS RULED UPON WITHOUT CONSIDERATION OF APPELLANTS' TIMELY RESPONSE OPPOSING APPELLEE'S MOTION.
 FACTS AND PROCEEDINGS BELOW
In evaluating the common pleas court's ruling on appellee's motion to dismiss, this court must accept the factual allegations of the complaint as true. The complaint filed in the common pleas court on November 26, 1997 indicates that appellants, Florida residents, were injured in an automobile collision on May 23, 1994 in Ottawa County, Ohio, which was allegedly caused by the negligence of appellee, a Minnesota resident. Each appellant sought damages for his or her own injuries and for loss of consortium.
Appellee moved to dismiss the complaint on January 8, 1998, before filing an answer. In his motion, appellee argued that the action was barred by Ohio's two-year statute of limitations for personal injury claims, R.C. 2305.10.
The court granted appellee's motion to dismiss on February 4, 1998. Plaintiffs filed their brief in opposition two days later, on February 6, 1998. There is no indication in the record that plaintiffs sought or received an extension of time to respond to defendant's motion, which local rules required to be filed within seven days. Loc.R. 11 of the Court of Common Pleas of Cuyahoga County, General Division.[1]
Appellants filed a motion for reconsideration on February 13, 1998. Appellee responded on February 23. The court denied the motion for reconsideration on March 3, 1998, noting that it had no jurisdiction to grant reconsideration following a final judgment.
 LAW AND ANALYSTS
In their first assignment of error, appellants argue that the trial court erred by dismissing their complaint on statute of limitations grounds. They contend that material factual issues existed regarding the applicability of Ohio's tolling and savings statutes, R.C. 2305.15 and 2305.19, and the doctrine of equitable estoppel.
Ordinarily, a defense that an action is barred by the statute of limitations cannot be raised by a motion to dismiss; such a defense usually relies on facts outside the complaint and must be addressed by summary judgment. Steiner v. Steiner(1993),85 Ohio App.3d 513, 518. However, if the complaint on its face shows that the claim is barred by the statute of limitations, a motion to dismiss may be appropriate. Kotyk v. Rebovich
(1993), 87 Ohio App.3d 116, 119.
In this case, the complaint showed that the collision occurred more than two years before this action was filed and was, therefore, barred by the statute of limitations, R.C. 2305.10. The complaint said nothing about a previously-dismissed suit, a precondition to application of the savings statute, R.C.2305.19.[2] Although the complaint did allege that appellee was out of state, it did not assert that he had absconded or concealed himself so as to toll the statute of limitations pursuant to R.C. 2305.15(A).[3] There was nothing in the complaint to indicate that appellee made any misleading factual misrepresentations to appellants so as to estop appellee from asserting the statute of limitations as a defense. Therefore, the court did not err when it dismissed the complaint as barred on its face by the statute of limitations. The court was not required to consider, sua sponte, potential facts outside the pleadings that might have allowed appellant to avoid the statute.
Appellants raised the savings and tolling statutes and the doctrine of equitable estoppel in their response to appellee's motion to dismiss; however, the response was not timely filed within seven days after the motion was filed and served, as required by Loc.R. 11 of the Court of Common Pleas of Cuyahoga County, General Division. After the seven days passed, the trial court had discretion to rule on the unopposed motion to dismiss. The trial court did not err by failing to consider appellants' untimely brief or by ruling on appellee's unopposed motion.
Accordingly, the first assignment of error is overruled.
In their second assignment of error, appellants contend the court erred when it overruled their motion for reconsideration. Interlocutory orders are subject to reconsideration, but final orders are not; therefore, a motion for reconsideration filed after a final appealable order has been entered is a nullity.Pitts v. Dept. of Transp.(1981), 67 Ohio St.2d 378, 379-80 n. 1.;Bodo v. Nationwide Ins. Co.(1991), 75 Ohio App.3d 499, 503-04. Accordingly, the trial court did not err by denying appellants' motion for reconsideration.
The trial court's judgment is affirmed.
It is ordered that appellee recover of appellants his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER, A.J., CONCURS ANN DYKE, J. DISSENTS
(See attached Opinion)
 ___________________________________ JUDGE KENNETH A. ROCCO
N.B. This entry is an announcement of the court's decision. See App.R. 22(B). 22(D) and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] In an affidavit attached to appellants' brief, a law clerk to appellants' counsel avers that he called the trial judge's office on February 2 and 3, 1998 and left messages that appellants' response to the motion to dismiss would be filed that week, inquiring whether formal leave would be required. These alleged telephone calls are not part of the record and will not be considered here.
[2] In their response to appellee's motion to dismiss, appellants asserted they previously dismissed an action they had filed against appellee in Illinois. Ohio law clearly holds that the savings statute, R.C. 2305.19, applies only to actions commenced or attempted to be commenced in Ohio within the appropriate statute of limitations. Therefore, the savings statute would not have extended the statute of limitations in this case.
[3] The United States Supreme Court has held that the tolling statute, R.C. 2305.15(A), is an unconstitutional burden on interstate commerce because it potentially subjects an out-of-state defendant to perpetual liability. Bendix Autolite Corp. v.Midwesco Enterprises, Inc.(1988), 486 U.S. 888. Despite Bendix, the statute apparently is still applied, e.g., when a resident leaves the state to avoid service. See Noonan v. Rogers(1994)97 Ohio App.3d 621. Since appellee was alleged to be an out-of-state resident, Bendix precludes application of the tolling statute to the claim against him.