I respectfully dissent. I believe that it is not clear from the face of plaintiffs' complaint that this matter is barred by the statute of limitations and the trial court erroneously dismissed this matter.
The record reveals that on May 23, 1994, plaintiffs were operating their motor vehicle in Danbury Township, Ohio, and were involved in a motor vehicle collision with defendant. In the police report of the collision, defendant indicated that he resided in Westchester, Illinois. On May 17, 1996, plaintiffs filed suit against defendant in the Circuit Court of Cook County, Illinois and filed a summons for service of process upon defendant. On November 26, 1996, the Cook County Circuit Court issued an order in which it quashed the summons and determined that it did not have in personam jurisdiction over defendant.
On November 26, 1997, plaintiffs filed this action against defendant, seeking recovery for personal injuries and loss of consortium allegedly due to the collision in Danbury Township.[4] In relevant part, plaintiffs alleged that defendant "was and is now a resident of the City of Buffalo and the State of Minnesota."
On January 8, 1998, defendant moved to dismiss the action, asserting that the action was time barred. In an entry journalized on February 4, 1998, the trial court granted defendant's motion to dismiss. On February 6, 1998, plaintiffs filed a brief in opposition to dismissal.[5]
Herein, plaintiffs assert that the trial court erroneously dismissed this matter by application of R.C. 2305.15, 2305.19, and/or the doctrine of equitable estoppel. Defendant insists that the trial court properly granted the motion to dismiss since the motion tests the sufficiency of the complaint "on its face" and in this instance the face of the complaint revealed that the statute of limitations had run. Defendant also notes that plaintiffs did not respond to defendant's motion to dismiss in a timely manner. Finally, defendant asserts that the judgment of the trial court is sound as it comports with the well-reasoned dissent in Seeley v. Expert, Inc.(1971), 26 Ohio St.2d 61.
The claim that an action is barred by the statute of limitations is generally not properly raised in a motion to dismiss for failure to state a claim as such claim usually requires reference to materials outside the complaint. Steiner v.Steiner(1993), 85 Ohio App.3d 523, 518. An exception to this general rule exists when it is conclusively shown from the face of the complaint that the matter is barred by the statute of limitations. Twine v. Franklin County Sheriff Department(1990),68 Ohio App.3d 51, 53; Esselburne v. Ohio Department ofAgriculture(1990), 64 Ohio App.3d 578, 580; Moran v. City ofCleveland(1989). 58 Ohio App.3d 9, 10.
Thus, the essential question is whether it is obvious from the face of plaintiffs' complaint that this matter is conclusively barred by the statute of limitations.
In examining this question, plaintiffs direct us to consider R.C. 2305.15, 2305.19 and the doctrine of equitable estoppel.
R.C. 2305.15(A) states in relevant part as follows:
 "(A) When a cause of action accrues against a person, if he is out of the state, has absconded, or conceals himself, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14 * * * of the Revised Code does not begin to run until he comes into the state or while he is so absconded or concealed. * * * *"
In Lovejoy v. Macek(1997), 122 Ohio App.3d 558, 561-562, the court outlined the key court rulings which have interpreted this statute and stated as follows:
 Prior to Bendix [Autolite Corp. v. Midwesco Ent., Inc.(1988), 486 U.S. 888, 108 S.Ct. 2218, 100 L.Ed.2d 896,] the interpretation of R.C. 2305.15 in cases similar to this was well settled in Ohio. In Wetzel v. Weyant
(1975). 41 Ohio St.2d 135, 70 O.O.2d 227, 323 N.E.2d 711, the Supreme Court of Ohio held that "[w]here a defendant temporarily leaves the state after a cause of action accrues against him, he "departs from the state' within the meaning of R.C. 2305.15, and the time of his absence is not computed as any part of a period within which the action must be brought." Id. at syllabus. The defendant in Wetzel left the state of Ohio for approximately three and a half weeks of vacation. The court applied R.C. 2305.15 to toll the statute of limitations for the time the defendant was on vacation. Our own court and others applied R.C. 2305.15 in accordance with Wetzel. See Hahn v. Lallanilla(Jan. 9, 1978), Portage App. No. 764, unreported; Conway v. Smith(1979), 66 Ohio App.2d 65, 20 O.O.3d 134, 419 N.E.2d 1117.
 Subsequently in Bendix, 486 U.S. 888, 108 S.Ct. 2218, 100 L.Ed.2d 896, the United States Supreme Court examined R.C. 2305.15(A) to determine if it violated the Commerce Clause in reference to out-of-state corporations. There, the court determined that the statute-of-limitations defense was in effect denied to out-of-state corporations by R.C. 2305.15. It reasoned that a foreign corporation would have to choose between exposure to the general jurisdiction of Ohio courts or forfeiture of any limitations defense under the tolling statute. The court determined this choice to be an impermissible burden on interstate commerce, thereby violating the Commerce Clause.
 Bendix was then extended to a case where an Ohio resident moved out of state for employment purposes. Tesar v. Hallas(N.D. Ohio 1990), 738 F. Supp. 240. In Tesar, the court held that interstate commerce is clearly affected when persons move between states in the course of or in search of employment. Id. at 242. The court further determined that the individual defendant had an "even more draconian choice to make" than a corporation as he or she would have to remain in Ohio permanently to preclude application of the tolling statute. Id. at 242-243.
 Bendix and its progeny were applied in the courts of Ohio in Gray v. Austin(1992), 75 Ohio App.3d 96, 598 N.E.2d 893. In Gray, the Second District Court of Appeals refused to apply R.C. 2305.15 in a case where a defendant permanently left Ohio to start a new law practice in the Virgin Islands, on the basis that the statute as applied violated the Commerce Clause. The court held that "under the rule of Bendix, application of R.C. 2305.15(A) to toll the statute of limitations * * *, as it applies to the facts of this case, is unconstitutional." Id. at 101, 598 N.E.2d at 896.
The Lovejoy court noted, however, that appellate courts have determined that R.C. 2305.15(A) could be applied to extend the statute of limitations "where the defendant has absconded or concealed himself to avoid service" and could also be applied in regard to absences unrelated to interstate commerce. Id., at 563. Accord Noonan v. Rogers(1994), 97 Ohio App.3d 621, 623; Crosbyv. Beam(1992), 83 Ohio App.3d 501, 512.
An examination of the allegations appearing upon the face of plaintiffs' complaint reveals that defendant was out of the state, but the circumstances surrounding the absence are unclear. Significantly, it is unclear whether defendant absconded or concealed himself. Therefore, by application of R.C. 2305.15(A), it cannot be said that the complaint shows conclusively on its face that the matter is barred by the statute of limitations. I would therefore conclude that the trial court erred in granting defendant's motion to dismiss.
[4] As the proceedings below focused upon the statute of limitations defense, venue was not considered. In any event, Civ.R. 3(B) provides that "[a]ny action may be venued, commenced and decided in any court in any county. * * *" Brooks v. HurstBuick-Pontiac-Olds-GMC, Inc.(1985), 23 Ohio App.3d 85, 88. Venue is not jurisdictional and may be waived. Target Bldrs. v. RothEnterprises, Inc.(1990), 61 Ohio Misc.2d 489, 492.
[5] It is clear that pursuant to Loc.R. 11 (C) of the Court of Common Pleas, General Division, a party opposing a motion, except a motion for summary judgment, must file any brief in opposition within seven days of the motion being served upon him or her. Accord Phan v. Presrite Corp.(1994), 100 Ohio App.3d 195,199.