[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
An automobile accident occurred in Hamilton County on May 9, 1998. On April 12, 2001, plaintiffs-appellants C. Cho (aka Joe Cho) and Young Cho, residents of Ohio, filed a complaint against defendant-appellee Sarah Bowns, a resident of Kentucky, for personal injuries to C. Cho and for Young Cho's loss of consortium. Bowns moved to dismiss the complaint, alleging that the Chos had failed to timely file a claim pursuant to R.C. 2305.10. The trial court granted Bowns's motion. In the Chos' sole assignment of error, they maintain that the court erred in granting the motion to dismiss. We disagree and affirm.
R.C. 2305.10 requires that an action for bodily injury be filed within two years of the date of the accident. It is undisputed that the Chos' complaint was filed outside the statutory time limit of two years. The Chos argues that R.C. 2305.15(A) tolled the application of R.C. 2905.10
because Bowns was outside the state of Ohio for most of the three years before the suit was filed. R.C. 2305.15(A) provides in relevant part the following: "When a cause of action accrues against a person, if he is out of the state, has absconded, or conceals himself, the period of limitation for the commencement of the action * * * does not begin to run until he comes into the state or while he is so absconded or concealed."
In Bendix Autolite Corp. v. Midwesco Enterprises, Inc.,[1] the United States Supreme Court held that R.C. 2305.15 was unconstitutional as applied to resident and non-resident corporations because the statute subjected non-Ohio corporations to suits in perpetuity and violated the Commerce Clause of the United States Constitution. Following Bendix, there was some discrepancy in the Ohio appellate districts regarding its application where the issue of interstate commerce had not been raised. InNoonan v. Rogers, this court held that, where no issue of interstate commerce was raised, R.C. 2305.15 could only be used to the toll the statute of limitations where it was demonstrated that the defendant had absconded or concealed herself in an effort to avoid service of process.[2]
The Chos rely on the Ohio Supreme Court's recent decision in Johnsonv. Rhodes to support their position that their claims were not barred by the statute of limitations. In Johnson, the Ohio Supreme Court considered the application of R.C. 2305.15(A) to Ohio residents who temporarily leave the state. The court held that the limitations period under R.C.2305.10 "is tolled when an individual temporarily leaves the state of Ohio for non-business reasons."[3] Johnson, however, is not applicable here because Bowns was not a resident of Ohio.
Because in this case Bowns was a resident of Kentucky who had not absconded or concealed herself from service of process, we apply the reasoning of Bendix and Noonan. Accordingly, we hold that the limitations period for the Chos's claim was not tolled by R.C. 2305.15. For these reasons, we affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Sundermann, JJ.
[1] (1988), 486 U.S. 888, 108 S.Ct. 2218.
[2] See Noonan v. Rogers (1994), 97 Ohio App.3d 621, 623,647 N.E.2d 221.
[3] See Johnson v. Rhodes, 89 Ohio St.3d 540, 541, 2000-Ohio-235,733 N.E.2d 1132.